NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

COLENE P., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, D.T., *Appellees.*

No. 1 CA-JV 16-0225
FILED 12-8-2016

Appeal from the Superior Court in Maricopa County
No. JD 528750
The Honorable Karen L. O'Connor, Judge

**AFFIRMED**

COUNSEL

Maricopa County Public Advocate, Mesa
By Suzanne W. Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Nicholas Chapman-Hushek
*Counsel for Appellee, Department of Child Safety*

---

## MEMORANDUM DECISION

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Peter B. Swann joined.

---

**O R O Z C O**, Judge:

¶1 Colene P. (Mother) appeals the superior court's termination of her parental rights to her daughter DT. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 After Mother left DT with relatives, DT was placed in temporary physical custody of the Arizona Department of Child Safety (DCS). Later, she was placed with a paternal cousin. In May 2015, DT's Guardian ad Litem initiated dependency proceedings, alleging Mother neglected DT as a result of her substance abuse, mental illness, and criminal activity. Mother failed to appear for the dependency hearing and DT was adjudicated dependent. In April 2016, the court changed the case plan to severance and adoption and DCS moved to terminate Mother's parental rights. DCS alleged Mother's chronic abuse of dangerous drugs and DT's length of time in an out-of-home placement as grounds for severance.

¶3 At the severance hearing, Mother failed to appear without good cause. The hearing was held in abstentia and the court found Mother had a substance abuse problem that was likely to continue for a prolonged, indeterminate period and length of time in care as grounds for severance. The court also found severance was in DT's best interest and terminated Mother's parental rights. Mother timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and the Arizona Revised Statutes (A.R.S.) sections 8-235.A, 12-120.21.A.1 and -2101.A (West 2016).[1]

---

[1] We cite to the current version of applicable statutes absent any change material to this decision.

## DISCUSSION

¶4            A parent-child relationship may be terminated when a court finds at least one of the statutory grounds for severance and determines that severance is in the child's best interests.  A.R.S. § 8-533.B; *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004).  We review a court's severance determination for an abuse of discretion, adopting its findings of fact unless clearly erroneous.   *Id.*   A court's decision "must be based on clear and convincing evidence [and] will be affirmed unless we must say as a matter of law that no one could reasonably find the evidence to be clear and convincing."  *Denise R. v. Ariz. Dep't of Econ. Sec.*, 221 Ariz. 92, 94, ¶ 7 (App. 2009) (internal quotation and citation omitted).  We do not reweigh the evidence on appeal.   *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282, ¶ 12 (App. 2002).

## I.      Grounds for Severance

¶5            Under A.R.S. § 8-533.B.3, a parent's rights can be terminated when the parent has a history of chronic drug abuse, resulting in an inability to discharge parental responsibilities.  Severance on this basis is appropriate when the court also finds "there are reasonable grounds to believe that the condition will continue for a prolonged and indeterminate period."  *Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 377, ¶ 15 (App. 2010).

¶6            Mother argues the trial court erred in finding her unable to parent her child due to substance abuse, without making an independent finding the substance abuse endangered the child or hindered her ability to parent DT.  According to Mother, failure to complete services offered to her by DCS does not prove that substance abuse rendered her unable to parent DT.

### A.      History of Chronic Drug Abuse

¶7            At the severance hearing, DCS's program specialist (the specialist) testified Mother had a history of methamphetamine abuse, starting when she was a minor.  At the time of severance, Mother was thirty-one years old.  Moreover, Mother neither disputed this testimony, nor presented any evidence suggesting she does not have a history of chronic drug abuse.

¶8            In August 2015, Mother completed a psychological evaluation.  She was diagnosed with stimulant use disorder, amphetamine

type. The record supports the court's conclusion that "Mother has a significant history of methamphetamine use."

### B. Inability to Discharge Parental Responsibilities

¶9 When determining whether a parent can discharge parental responsibilities, the court must consider how the substance abuse hinders the parent's ability to effectively parent. *Raymond F.*, 224 Ariz. at 377-78, ¶ 19. In making this finding, the court has flexibility to consider the circumstances of each case. *Id.* at 378, ¶ 20.

¶10 At the severance hearing, the specialist testified Mother was offered the following services: TASC drug testing; TERROS Family First drug treatment, which included counseling and psychiatric services; supervised visitations; parent aide services; and therapeutic visitations. However, Mother failed to fully participate in any services.

¶11 Mother did not complete the initial intake with TERROS. Although Mother was referred to TERROS services at least three more times, she failed to participate on those occasions as well. Further, Mother was inconsistent with drug testing. Mother was closed out of supervised visitation and parent aid as a result of her failure to access offered services.

¶12 The specialist opined Mother was "unable to discharge parental responsibilities due to a history of substance abuse." The court found Mother "has not demonstrated that she can maintain sobriety in order to parent the child," despite her recent month and a half long participation in therapeutic visitations.

### C. Reasonable Belief Chronic Substance Abuse Will Continue

¶13 Evidence sufficient to support a finding that Mother's substance abuse will continue may include her history of use and failure to complete or engage in offered services. *Id.* at 378-79, ¶ 26. A parent's failure to abstain from substances despite a pending severance is "evidence [the parent] has not overcome [her] dependence on drugs." *Id.* at 379, ¶ 29.

¶14 The specialist testified Mother failed to consistently participate in substance abuse testing and failed to participate in any drug treatment services. The specialist testified she believed Mother's substance abuse will continue for a prolonged, indeterminate period of time.

¶15 Consequently, the court correctly concluded "there are reasonable grounds to believe that [Mother's chronic drug use] will

continue for a prolonged indeterminate period," and that DCS made "reasonable efforts and diligent efforts to provide [M]other with services for reunification and to address her substance abuse issues."

**¶16** Because we accept the court's findings of fact unless clearly erroneous, we find the court did not err in severing Mother's rights to DT. *See Matter of Appeal in Maricopa Cty. Juv. Act. No. JS-501568*, 177 Ariz. 571, 576 (App. 1994). When clear and convincing evidence supports at least one of the grounds for severance, we need not address the other reasons for severance. *Jesus M.*, 203 Ariz. at 280, ¶ 3.

## II.     Best Interests Determination

**¶17** After finding grounds for severance, the court considered DT's best interests. Mother challenges the court's finding, arguing the court failed to conclude that "not to sever would result in a lack of permanency and stability."

**¶18** In a best interests inquiry, the court determines by a preponderance of the evidence whether severance is in a child's best interest. *Kent K. v. Bobby M.*, 210 Ariz. 279, 288, ¶ 41 (2005). The best interests can be shown by presenting evidence of "*how* the child would benefit from a severance." *Mary Lou C.*, 207 Ariz. at 50, ¶ 19 (emphasis added) (internal quotation and citation omitted). Existence of an adoptive plan is sufficient evidence that termination would result in a benefit. *Id.*

**¶19** Contrary to Mother's argument, the court sufficiently explained how DT would benefit from the severance. The court found an adoption placement was available, and that severance would further the plan, therefore, the court did not need to find Mother was unable to provide stability for DT.

**¶20** Moreover, at the time of severance, DT's placement with a relative was meeting her needs. DCS also identified a suitable placement willing to adopt DT, with whom DT already had established a relationship. DT was otherwise adoptable, because she was very young, bright, and had no medical issues.

**¶21** Because substantial evidence in the record exists to support the court's best interest finding, we find no error.

## CONCLUSION

**¶22**     For the foregoing reasons, we affirm the court's severance of Mother's rights to DT.



AMY M. WOOD • Clerk of the Court
FILED:  AA